## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN WILLIAMS, #1355380, | § § § § | |
| Plaintiff, | § § | CIVIL NO. SA-23-CV-261-JKP |
| v. | § § § | |
| LT. MIKE VALDEZ; and CO JORGE PEREZ RAMIREZ, | § § § § | |
| Defendants | § | |

### ORDER OF DISMISSAL

Before the Court are Defendants Lieutenant Mike Valdez and Correctional Officer Jorge Perez Ramirez's Motion for Summary Judgement (ECF No. 22); and Defendants' Motion to Substitute Attorney (ECF No. 23). For the following reasons, both motions (ECF Nos. 22 and 23) are **GRANTED**.

### I.   Procedural and Factual Background

According to the summary judgement evidence, on November 6, 2022, Plaintiff, Jonathan Williams, a Texas Department of Criminal Justice ("TDCJ") inmate housed at the Connally Unit, was found to be in possession a cellphone while in his cell. (ECF No. 22, Exh. A). As officers opened Plaintiff's cell door to confiscate the phone, Plaintiff threw the cellphone at Officer Ramirez resulting in Plaintiff being sprayed with chemical spray. (*Id.*, Exh. A at 0288; 0293; 0296; 0299; 0301). Plaintiff then charged toward Officer Ramirez and struck him with a closed fist, resulting in Plaintiff being sprayed again. (*Id.*). Plaintiff subsequently complied with the officers' orders. (*Id.*, Exh. A at 0288; 0293; 0296; 0299; 0301). He was later charged with assaulting Officer Ramirez who sustained scratches to his wrist and redness to his forehead. (*Id.*, Exh. B at 0048; Exh. A at 0308-09).

Plaintiff timely filed a Step One Grievance (# 2023035941), alleging officers excessively sprayed him with pepper spray. (*Id.*, Exh. B at 0083-84; ECF No. 1). On February 27, 2023, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging he was sprayed despite his compliance with all orders. (ECF Nos. 1, 6). Maintaining he suffers from lingering eye issues, Post Traumatic Stress Disorder ("PTSD"), and emotional trauma, Plaintiff seeks damages in the amount of $2,200,000.00. (ECF No. 1).

## II.   Motion to Substitute Attorney

Defendants move to have Assistant Attorney General David Ruedas entered as the lead attorney-in-charge for the OAG and Troy M. Moyer removed as an attorney of record in this case. (ECF No. 23). Upon consideration and there being no objection, Defendants' motion (ECF No. 23) is **GRANTED**.

## III.   Legal Standard

A party is entitled to summary judgement under Federal Rule of Civil Procedure 56 if the record shows no genuine issue as to any material fact exists and the movant is entitled to judgement as a matter of law. FED. R. CIV. P. 56(c). A party against whom summary judgement is sought may not rest on the allegations or denials in his pleadings but must come forward with sufficient evidence to demonstrate a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine," and therefore sufficient to overcome a summary judgement motion, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). Where the record could not lead a rational trier of fact to find for the nonmoving party, there can be no genuine issue for trial. *Id.* "Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' to create a genuine issue of material fact sufficient to survive summary judgement." *Barrera v. MTC, Inc.*, No. SA-10-CV-665-XR, 2012 WL 1202296, at *2 (W.D. Tex. Apr. 10, 2012) (*quoting Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)).

## IV. Evidence Presented by Defendants

    A. Use of Force Records

    B. Grievance Records

    C. Classification and Disciplinary Records

## V. Evidence Presented by Plaintiff

Plaintiff did not respond to Defendants' Motion for Summary Judgement. Therefore, the only evidence submitted by Plaintiff is the Step One Grievance attached to his Complaint. (ECF No. 1 at 6).

**VI.     Analysis**

Defendants bring this motion maintaining Plaintiff failed to exhaust his administrative remedies.[1] (ECF No. 22). Under 42 U.S.C. § 1997e(a): "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purpose of this exhaustion requirement is to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citations omitted). Consequently, unexhausted claims cannot be filed in federal court. *Jones v. Bock*, 549 U.S. 199 (2007). A prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001). The Supreme Court has held that the exhaustion requirement requires "proper exhaustion," meaning that a prisoner *must* complete the administrative review process in accordance with the applicable rules, including deadlines, *as a precondition to bringing suit* in federal court. *Woodford*, 548 U.S. at 90.

In the Fifth Circuit, a "strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). TDCJ provides a two-step procedure for processing administrative grievances and provides inmates with detailed instructions on how to properly exhaust the grievance procedures. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The inmate must properly complete both the Step One complaint and Step Two appeal to

---

[1] Alternatively, Defendants contend they are entitled to qualified immunity and further, that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Because the Court finds Defendants' first ground to be dispositive, Defendants' remaining grounds shall not be addressed.

properly exhaust TDCJ's administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2004).

To initiate the grievance process, an inmate must first file a Step One grievance. *Johnson*, 385 F.3d at 515. A Step One grievance must be filed within fifteen days of the complained-of incident, and the grievance is addressed by the prison administration at the inmate's unit of assignment. *Id.* If an inmate is dissatisfied with the response to a Step One grievance or if he receives an adverse decision to his Step One grievance, he may file a Step Two grievance within ten days. *Id.* By filing a Step Two grievance, the inmate is effectively appealing the unit-level response. New issues cannot be raised for the first time on Step Two; a claim must be raised in both steps to be considered exhausted. *Randle v. Woods*, 299 F. App'x 466, 2008 WL 4933754 (5th Cir. 2008) (*citing Woodford*, 548 U.S. 92–93 (exhaustion of administrative remedies requires "proper exhaustion," meaning compliance with prison rules and deadlines)). The investigations into and resolutions of Step Two grievances are handled at the state level. *Johnson*, 385 F.3d at 515. An inmate must pursue a grievance through both steps for it to be considered exhausted. *Id.*

Attached to Plaintiff's Complaint is a copy of his Step One grievance wherein he complains he was subjected to excessive force on or about November 6, 2022, when he was excessively pepper sprayed. (ECF No. 1 at 6). In support of their motion, Defendants submit Plaintiff's grievance records from May 1, 2022, to August 16, 2023. (ECF No. 22, Exh. B). The only Step Two grievance found in Plaintiff's records is a grievance complaining of the disciplinary action taken against him for assaulting Officer Ramirez. (*Id.*, Exh. B at 0037-38). This Step Two grievance does not pertain to Plaintiff's allegations of excessive force set out in his Step One grievance.

Because Plaintiff failed to file a Step Two grievance appealing the response to his Step One grievance pertaining to his allegation that he was subjected to excessive force when he was sprayed with chemicals, he failed to properly exhaust TDCJ's administrative remedies prior to filing suit. *See Wright*, 260 F.3d at 358.

Accordingly, Defendants' Motion for Summary Judgement (ECF No. 22) is **GRANTED** and Plaintiff's claims are **DISMISSED FOR LACK OF JURISDICTION.**

## VII.  Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgement (ECF No. 22) and Motion to Substitute Counsel (ECF No. 23) are **GRANTED**.

**IT IS THEREFORE ORDERED** that Assistant Attorney General David Ruedas shall be entered as the lead attorney-in-charge for the OAG and Troy M. Moyer shall be removed as an attorney of record in this case; and

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Lieutenant Mike Valdez and Correctional Officer Jorge Perez Ramirez are **DISMISSED WITH PREJUIDICE**.

SIGNED this 23rd day of July, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE